IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRYSTAL PAOLA PENAFLOR, individually and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NAUTICA RETAIL USA, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   13 CV 380<br>)<br>)   Judge Matthew F. Kennelly<br>)   Magistrate Judge Mary M. Rowland<br>)<br>) |

**THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AGREEMENT
AND NOTICE TO THE CLASS**

Plaintiff CHRYSTAL PAOLA PENAFLOR, individually, and on behalf of all others similarly situated, and Defendant NAUTICA RETAIL USA, INC., (collectively, "the Parties") respectfully request that this Court enter an order granting preliminary approval of the Parties' Class Action Settlement Agreement ("Agreement"), a copy of which is attached hereto as Exhibit 1; approving the definition of the Settlement Class; approving the form of the Class Notice attached thereto as Exhibit A; approving the claim form attached thereto as Exhibit C; entering an order preliminarily approving the Agreement in substantially the form as Exhibit D thereto; and setting dates for exclusions, objections, and a hearing for final approval, consistent with the Implementation Schedule, Exhibit B thereto. In support of this motion, the Parties state as follows:

1. Plaintiff filed this action against Defendant NAUTICA RETAIL USA, INC ("Nautica") alleging violations of law pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and the Illinois Minimum Wage Law, 820 ILCS §

105/1 et seq. (the "IMWL"). Specifically, Plaintiff claims that Defendant failed to calculate and pay wages to certain of Nautica's employees involved in certain work performed at night, after store closing and after the employee had clocked out. Defendant has expressly denied any liability in regard to any of the claims asserted in this litigation.

2. In October, 2013, Defendant, without conceding any liability, voluntarily prepared checks to all hourly Sales Associates other than Representative Plaintiff who were employed by Defendant and worked on a closing shift at Defendant's Aurora, Illinois store #129 for the period January 17, 2010 through December 11, 2013.

3. After engaging in discovery and participating in arms-length discussions, the parties reached an agreement to settle Plaintiff's claims, and those of the Class, as set forth in the Agreement.

4. Counsel for Plaintiffs and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, the possibility of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiffs and Defendant reached and executed the Agreement.

4. Pursuant to the Agreement:

    a. <u>Class Certification</u>. The Parties stipulate to the certification of a class (the "Class") for settlement purposes, defined as:

The Representative Plaintiff; all hourly Sales Associates who were employed by Defendant and worked on a closing shift at Defendant's Gurnee, Illinois store #60, for the period January 17, 2010 through December 11, 2013; and, on an opt-in

collective action basis (e.g., through the submission of a valid and timely Claim Form), those hourly Sales Associates who were employed by Defendant and worked on a closing shift at Defendant's Albertville, Minnesota store #94, its Smithfield, North Carolina store #141, and its Grove City, Pennsylvania store #51, for the period January 17, 2010 through December 11, 2013.

      b.      <u>Notice of Class Settlement</u>.  Defendant shall, within 14 days after entry of this Court's Preliminary Approval Order, cause notice in the form of Exhibit C to be mailed to the Settlement Class.  All costs associated with the publication of that notice of settlement shall be paid by Defendant.

      c.      <u>Class Members' Right to Opt Out and Object</u>.  Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class by either submitting a written request to do so, which shall include the requester's name, current address, date, signature and a statement to the effect of "I want to be excluded from the Nautica Class Action Settlement"; or, if the Class Member is from outside of Illinois, by not returning an executed Claim Form.  Exclusion requests must be post-marked by the Opt-Out Deadline (45 days after entry of an Order granting Preliminary Approval of the settlement pursuant to this Motion).  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and shall not be entitled to any of its benefits.

      Any Class Member may also object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice and by the Opt-Out Deadline.  Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs.  Objections shall include the

objector's name, current address, date, signature and the reasons for the objections. Objections must be post-marked by the Opt-Out Deadline, filed with the Court and served on Class Counsel and Defendant's Counsel.

    d. <u>Class Recovery</u>. The details of the settlement are set forth in the Parties' Settlement Agreement. In summary, Defendant shall provide a total settlement fund of $15,000.00 as set forth in the settlement agreement, some of which will be used to pay attorneys' fees for bringing and prosecuting the lawsuit. If approved by the Court, the settlement proceeds will be distributed through U.S. mail by check to the Settlement Class, based upon the amount of pay that each Settlement Class Member might have recovered if the case had continued, and the Plaintiffs ultimately prevailed in the litigation. The distribution will be based on the actual amount of time worked by each Settlement Class Member who was employed by Defendant and worked on a closing shift during the period January 17, 2010 through December 11, 2013, at that employee's highest hourly rate during their employment by Defendant, as reflected in Nautica payroll records. There will be no reverter to Defendant. Any unclaimed funds will either make up a portion of attorney's fees to be paid to Class Counsel; or will escheat to the State of Illinois. Checks which remain uncashed after the Opt In period will escheat.

    e. <u>Recovery to Plaintiff</u>. The former employee who participated in this case by initiating it, serving as lead plaintiff, and assisting counsel will, subject to Court approval, receive an incentive payment in the amount of $2,000, which will compensate her for her efforts in supporting the case on behalf of other employees and working with counsel to pursue it.

    5. The Parties believe that the relief provided for under the Agreement is fair

and reasonable especially since it provides each member of the Settlement Class with the equivalent of their actual damages, which, in Defendant's opinion, is the maximum amount recoverable at a trial of Plaintiffs' claims in this matter.

6. The Parties request that the Court set the schedule for notice set forth in the proposed Settlement Agreement, such that

    a. within fourteen (14) days after entry of the Preliminary Approval Order, the Defendant shall mail Class Notice and Settlement checks to the Settlement Class;

    b. Within forty-five (45) days after entry of the Preliminary Approval Order, each Class Member wishing to do so shall opt out or object to this settlement, or file an appearance in this Lawsuit.

    c. Approximately 75 days following the issuance of notice, this Court shall conduct a fairness hearing with respect to the Settlement Agreement attached hereto.

7. A proposed preliminary approval order is attached as Exhibit D to the Settlement Agreement. A proposed final approval order is attached as Exhibit E to the Settlement Agreement.

WHEREFORE, Plaintiff and Defendant respectfully requests that the Court enter the proposed order in the same or substantially similar form as Exhibit D, granting preliminary approval of the Parties' Agreement.

                                                        Plaintiff CHRYSTAL PAOLA PENAFLOR,
                                                        individually, and on behalf of all others similarly
                                                        situated.

By:   s/Jeffrey Grant Brown
      Jeffrey Grant Brown


Jeffrey Grant Brown
Jeffrey Grant Brown, PC
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Attorney for Plaintiff
and the Settlement Class


Defendant, NAUTICA RETAIL, USA, INC.

By:   /s/ John L. Viola
      John L. Viola

DYKEMA GOSSETT LLP
Los Angeles, CA 90071
Attorney for Defendant