IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRYSTAL PAOLA PENAFLOR, individually and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NAUTICA RETAIL USA, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 13 CV 380<br><br>Judge Matthew F. Kennelly |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On March 13, 2014, the Court entered its Order Granting Preliminary Approval of Class and Collective Action Settlement and directed notice to the Settlement Class. After notice was sent to the Settlement Class, this Court held a Final Approval Hearing on June 10, 2014.

The Court, having reviewed the Settlement Agreement and all papers submitted in connection with the proposed settlement, and having considered all arguments of counsel and noting that there were no objectors, finds that the Parties have evidenced full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows**:**

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Preliminary Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of

Rule 23 and 29 U.S.C. Section 201 *et seq*, have been satisfied with respect to the Class and the proposed settlement. The Court hereby makes final its earlier provisional certification of the Class, as set forth in the Preliminary Approval Order.

2. This Final Order and Judgment hereby adopts and incorporates by reference the terms and conditions of the Parties' Class Action Settlement Agreement and Release of Claims (the "Settlement Agreement"), together with the definitions of terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

4. The Class Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed settlement and of their opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with Federal Rule of Civil Procedure Rule 23 and 29 U.S.C. 201, and the United States Constitution, due process, and other applicable law. The Class Notice fairly and adequately described the settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the Final Approval hearing. Accordingly, the Court determines that all Class Members who did not timely and properly execute a request for exclusion and all Class Members who submitted a Claim Form are bound by this Final Order and Judgment.

5. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final

approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, just, adequate, and reasonable as to each member of the Class. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Representative Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court further has considered the absence of objection to the settlement by Class Members and that no Class Members requested to be excluded from the settlement. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that said settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement.

6. The Court hereby makes final its earlier conditional approval of Class Counsel, as set forth in the Preliminary Approval Order. Attorneys' fees and costs to Class Counsel in the amount of Seven Thousand Nine Hundred Ninety-Nine Dollars U.S. and Ninety-Five cents ($7,999.95) as compensation for all attorney time spent and costs incurred on this matter from inception through and including the final Settlement Fairness Hearing and all other work related to this case and all costs, is hereby approved as fair and reasonable. No other fees, expenses, or costs shall be awarded, either against Nautica

Retail USA, Inc., or any related persons or entities, as defined in the Settlement Agreement.

7. The Court hereby makes final its earlier conditional approval of Representative Plaintiff Chrystal Penaflor as class representative. Representative Plaintiff made unique contributions to the class and incurred unique risk, and, the Court finds an enhancement award of Two Thousand Dollars U.S. ($2,000.00) for Representative Plaintiff Penaflor, in lieu of her Settlement Award, is appropriate, proper, and reasonable and is therefore approved.

8. Entry of this Final Judgment shall constitute a full and complete bar against the Settlement Class (including those class members who failed to complete and/or return a claim for monetary recovery to Class Counsel as specified in the Settlement Agreement and Preliminary Approval Order) and those Class Members who submitted a Claim Form, as to all the claims released by the Settlement Agreement, and shall constitute res judicata and collateral estoppel with respect to any and all such prior, current, or future released, Settled Claims.

9. The Court further confirms and finds that nothing contained in the Settlement Agreement, the Preliminary Approval Order, this Final Order and Judgment, or any other Order entered in this action shall in any way or manner constitute an admission or determination of liability by or against Defendant Nautica Retail USA, Inc., or any other Released Party with respect to any of the claims and causes of action asserted by the Settlement Class or any member thereof, and shall not be offered in evidence in any action or proceeding against Nautica Retail USA, Inc., or any other Released Party, in any court, administrative agency, or other tribunal for any purpose

whatsoever, other than to the extent necessary to enforce the provisions of the Settlement Agreement or this Order. This paragraph shall not, however, diminish or otherwise affect the obligation, responsibilities, or duties of Defendant under the Settlement Agreement and this Final Order and Judgment.

10. By operation of the entry of this Final Order and Judgment, as of the Effective Date, the Parties and Class Members are ordered to perform their respective duties and obligations under the Settlement Agreement.

11. If the Settlement does not become final and effective in accord with the terms of the Settlement Agreement, then this Final Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

## JUDGMENT

In accordance with, and for the reasons stated in, the Final Approval Order, judgment shall be entered whereby Representative Plaintiff and all Class Members shall take nothing from Defendant Nautica Retail USA, Inc., except as expressly set forth in the Settlement Agreement, which was previously filed, as part of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement.

This Court reserves exclusive and continuing jurisdiction over this action, the Representative Plaintiff, Class Members, and Defendant Nautica Retail USA, Inc., for the purposes of:

    (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and Final Approval and Judgment; and

    (b)    supervising distribution of amounts paid under this Settlement.

**IT IS SO ORDERED.**

Dated: __June 11, 2014

_____
Honorable Matthew F. Kennelly
U.S. District Court